## Barnes, et al. v. Cunningham.

(Decided February 14, 1922.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error—Dismissal of Appeal.—An appeal against an appellee, in whose favor no judgment was rendered, will be dismissed.

2. Banks and Banking—Actions—Bank Delivering Unpaid Draft and Attached Bill of Lading to Drawer Liable to Payee.—C sold a quantity of lumber to B, who in turn sold to a Chicago purchaser. The lumber was delivered to a railroad for shipment. By mistake one of the cars was omitted from the bill of lading. B drew a draft on the Chicago purchaser in favor of C. C endorsed the draft and it was delivered to a bank for collection. The Chicago purchaser refused to pay the draft because one of the cars was omitted from the bill of lading, and the papers were returned for correction. The bank, without directions from C, turned the papers over to B, who, after having the bill of lading corrected, drew another draft with the corrected bill of lading attached and appropriated the proceeds: Held, that as the negligence of the bank put it in the power of B not only to convert the proceeds of the car mentioned in the bill of lading, but to correct the bill of

lading and convert the proceeds of the other car, the bank was liable to the payee for the amount of the draft.

EATON & BOYD for Grant Barnes.

WHEELER & HUGHES for City National Bank.

MOCQUOT, BERRY & REED for L. E. Cunningham.

OPINION OF THE COURT BY JUDGE CLAY—Dismissing as to Grant Barnes and affirming as to City National Bank.

L. E. Cunningham sold two cars of lumber to Grant Barnes, who in turn sold the lumber to the Thornton-Clancy Lumber Company of Chicago. The lumber was delivered to the Illinois Central Railroad Company at Paducah and placed in two cars for shipment to the Chicago purchaser. Thereupon the company issued a bill of lading, reciting that the property was received from Grant Barnes for shipment to the Thornton-Clancy Lumber Company, and that L. E. Cunningham was the shipper. The quantity of lumber was specified, but by mistake one of the cars was omitted from the bill. Barnes and Cunningham then went to the City National Bank, where Barnes drew a draft for $650.00 on the Chicago purchaser, payable to Cunningham. Cunningham endorsed the draft and it was then delivered to the bank with the bill of lading attached, with directions to collect the draft and credit Cunningham with the proceeds. The bank accepted the draft for collection and forwarded it, together with the bill of lading, to the Chicago purchaser, who, upon discovering that one of the cars was omitted from the bill of lading, declined to pay the draft. The draft and the bill of lading were then returned to the City National Bank for the purpose of correcting the mistake. Instead of delivering the papers to Cunningham, the bank delivered them to Barnes. Upon the application of Barnes, the railroad company corrected the mistake in the bill of lading. Thereupon, Barnes went to another bank, drew a draft with the bill of lading attached, collected the money and failed to pay it to Cunningham. Cunningham brought suit against the bank to recover on the draft. By appropriate pleading the bank made Barnes a party and asked judgment against him in case Cunningham recovered of it. In his answer, Barnes defended against the bank and attempted to plead a setoff against Cunningham, who had not sued him. Cunning-

ham's demurrer was sustained. On final hearing judgment was rendered in favor of Cunningham against the bank, and in favor of the bank against Barnes. Barnes and the bank appeal

The only judgment which Barnes appeals from is the judgment in favor of the bank. However, the appeal which he prosecutes is not against the bank, but against Cunningham, in whose favor no judgment was rendered. That being true, his appeal will have to be dismissed.

When the draft and the bill of lading were returned to the bank in order that the bill of lading might be corrected, it should have turned the papers over to Cunningham or have asked his direction in the premises. Instead of doing this, it turned the papers over to Barnes, thereby depriving Cunningham not only of the draft, but of the security afforded by the bill of lading thereto attached. A wrong delivery of goods, either negligently or wilfully made, by one who had been entrusted with the custody of them, is in law a conversion by the latter. Hobbs v. Chicago Packing Co., 98 Ga. 580, 25 S. E. 586, 58 A. S. R. 320. Following this rule, it has been held that where a bank turned over notes without payment to the makers, who are solvent, it was liable to the payee. Citizens Banking Co. v. Southern Fertilizer & Chemical Co., 108 S. E. (Ga.) 817. But it is insisted that the bank's liability in this case should be measured by the value of the car covered by the bill of lading, as the security afforded by that instrument extended no further. It is conceded, however, that the omission from the bill of lading of one of the cars was a mere mistake which the railroad admitted and corrected upon being made acquainted with the facts. When the mistake was corrected, another draft was drawn and Barnes converted the proceeds. It is clear, therefore, that the negligent act of the bank put it in the power of Barnes not only to convert the proceeds of the one car mentioned in the bill of lading, but to correct the bill of lading and appropriate the proceeds of the other car. It follows that the judgment against the bank for the amount of the draft was proper.

Wherefore the appeal of Grant Barnes is dismissed and the judgment affirmed as to the City National Bank.